# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>IH 1, Inc.,[1]<br><br>Debtors | Chapter 11<br><br>Case No. 09-10982 (PJW)<br><br>(Jointly Administered)<br><br>**Ref. Docket No.: 620** |

### ORDER AUTHORIZING (I) THE SALE OF NONRESIDENTIAL REAL PROPERTY LOCATED IN FOSTORIA, OHIO, VIRGINIA; AND (II) PAYMENT OF THE LOCAL REAL ESTATE BROKER'S COMMISSION PURSUANT TO SECTIONS 105(a), 327(a), 363(b) AND 363(m) OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "Motion")[2] of IH 1, Inc.(f/k/a Indalex Holding Finance, Inc.), IH 2, Inc. (f/k/a Indalex Inc.), IH 3, Inc. (f/k/a Indalex Holding Corp.), IH 4, Inc. (f/k/a Caradon Lebanon, Inc.), and IH 5, Inc. (f/k/a Dolton Aluminum Company, Inc.) (each a "Debtor" and collectively, the "Debtors"), for entry of an order, pursuant to sections 105(a), 327(a), 363(b), and 363(m) and of title 11, United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing certain of the Debtors to sell certain nonresidential real property located at 930 Sandusky Street, Fostoria, Ohio 44830 (the "Property") to Iott Industrial Contracting, LLC (the "Buyer") or the Buyer's assignee, if any, pursuant to the Real Estate Purchase Agreement and Deposit Receipt attached hereto as Exhibit A (the "Sale Contract") free and clear of any liens,

---

[1] The Debtors in these proceedings are IH 1, Inc. f/k/a Indalex Holdings Finance, Inc. (Tax ID No. XX-XXXX0880), IH 2, Inc. f/k/a Indalex Inc. (Tax ID No. XX-XXXX7362), IH 3, Inc. f/k/a Indalex Holding Corp. (Tax ID No. XX-XXXX0715), IH 4, Inc. f/k/a Caradon Lebanon, Inc. (Tax ID No. XX-XXXX1208, and IH 5, Inc. f/k/a Dolton Aluminum Company, Inc. (Tax ID No. XX-XXXX2781) each with a mailing address of 75 Tri-State International, Suite 450, Lincolnshire, IL 60069.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

claims and encumbrances, and (ii) pay the commission of CB Richard Ellis Reichle Klein (the "Broker") earned in connection with the sale of the Property and other customary closing fees and expenses out of the proceeds of such sale; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that venue is proper under to 28 U.S.C. § 1409; and it appearing that reasonable and adequate notice of the Motion has been provided; and no further or other notice being necessary; and adequate cause appearing therefor; it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is granted.

2. The Debtors are authorized to perform their obligations under and comply with the terms of the Sale Contract and to consummate the sale of the Property to the Buyer, or the Buyer's assignee, if any, in accordance with the terms and conditions of the Sale Contract.

3. The Debtors are authorized to execute and deliver, and empowered to perform under, consummate and implement the Sale Contract, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Contract.

4. The Debtors are authorized to pay the Broker the Commission as set forth in the Sale Contract and Listing Agreement.

5. All proceeds received by the Debtors with respect to the sale of the Property shall be treated in accordance with the terms and conditions of the Debtors' post-petition financing arrangements.

6. Pursuant to section 363(f) of the Bankruptcy Code, the sale of the Property pursuant to this Order will be free and clear of all liens, claims and encumbrances whatsoever

with any such liens, claims and encumbrances to attach to the proceeds of the sale of the Property in accordance with, and subject to, the terms and conditions of the Debtors' post-petition financing arrangements.

7. The Buyer under the Sale Contract is a good faith purchaser under section 363(m) of the Bankruptcy Code.

8. This Order shall be binding on and inure to the benefit of the Debtors and the Buyer under the Sale Contract or the Buyer's assignee, if any.

9. Pursuant to rule Bankruptcy Rule 6004(h), this Order shall take effect and be fully enforceable immediately upon execution hereof.

10. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Date: Wilmington, Delaware
September 2, 2009

_____
Peter J. Walsh
United States Bankruptcy Judge