UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

November 5, 2010

```
Christopher P. Simon                    Peter C. Hughes
Patrick M. Brannigan                    Dilworth Paxson LLP
Cross & Simon, LLC                      One Customs House - Suite 500
913 North Market Street                 704 King Street
11th floor                              P.O. Box 1031
P.O. Box 1380                           Wilmington, DE 19801
Wilmington, DE 19899-1380
                                        Maura Fay McIlvain
Attorneys for Sun Indalex               Peter C. Hughes
Finance, LLC                            Dilworth Paxson LLP
                                        1500 Market Street
Michael J. Roeschenthaler               Suite 3500E
William C. Price                        Philadelphia, PA 19102
Brad A. Funari
McGuirewoods LLP                        Counsel to George L. Miller,
625 Liberty Avenue                      Chapter 7 Trustee
23rd Floor
Pittsburgh, PA 15222                    Brandy A. Sargent
                                        Stoel Rives LLP
Counsel to the Official Committee       900 SW Fifth Avenue # 2600
of Unsecured Creditors                  Portland, OR 97204

Norman L. Pernick                       Counsel to Huron Consulting
Karen M. McKinley                       Services LLC
Cole, Schotz, Meisel, Forman
& Leonard, P.A.
500 Delaware Avenue, 14th Floor
Wilmington, DE 19801

Co-Counsel to the Official
Committee of Unsecured Creditors
```

**Re:   In re: IH 1, Inc., et al.
       Case No. 09-10982 (PJW)**

Dear Counsel:

2

This is my ruling with respect to the Sun Indalex Finance, LLC's ("Sun") motion to reconsider the order granting the final fee application of Huron Consulting Services LLC ("Huron") (Doc. # 991). For the reasons summarized below, I will deny the motion.

(1) Sun relies heavily on the June 24, 2010 supplemental affidavit submitted by Mr. Sandeep Gupta, an FTI representative, in which he claims that at a May 20, 2009 meeting with representatives of Huron, he gave them and discussed a spread sheet which contains a line item of $400,000 for fees to be paid to Huron as the financial advisor to the Committee. Of course, this fact is flat out contradicted in the declarations submitted by five representatives of Huron who were in attendance at that May 20, 2009 meeting. But aside from that challenge, I have a more fundamental issue as to FTI's authority or the Debtors' authority to dictate a budget that binds Huron as the financial advisor to the Committee. Neither the DIP financing motion (Doc. # 75), nor the interim DIP financing order (Doc. # 118), nor the final DIP financing order (Doc. # 223) identify a budget. The order approving Huron's retention was entered on May 12, 2009 (Doc. # 265). That retention order makes no reference whatsoever to a budget. So far as I can tell from the record, neither FTI nor the Debtors had any authority at the May 20, 2009 meeting to dictate a budget to Huron. Of course, I have had numerous cases where the

professionals agree to a budget which limits their fees. But those were consensual budgets. I am not aware of anything in the record of this case that suggests that Huron, post retention, was bound to a budget dictated by FTI or the Debtors that limited Huron's allowable fees.

(2) Sun complains that Huron spent an inordinate amount of time investigating and assisting in the development of a draft complaint to avoid transactions between the Debtors and insiders. Huron responds that early on in the case the Committee felt that such an action would be the only source for recoveries for unsecured creditors. It is obvious that the Trustee's filed Complaint significantly mirrors the draft complaint prepared by the Committee. Obviously, the Trustee exercised his independent judgment in filing the Complaint and I find that that filing vindicates the efforts undertaken by Huron in an extensive investigation of the insiders' conduct and the resulting draft complaint.

(3) I note that in this case the Court entered an order appointing a fee examiner. In the examiner's reports (Doc. ## 760, 855 and 898) he discussed what he preliminarily believed to be certain shortcomings (including staffing) in the Huron fee applications. However, Huron responded and the fee examiner accepted the responses. Accordingly, except as to a few minor reductions, the applications were cleared by the fee examiner. I

 4

believe fee examiners reports significantly undercut the position taken by Sun in its motion.

                                                     Very truly yours,

                                                     Peter J. Walsh

PJW:ipm

Attachment