**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | Case No. 09-10982 (LSS) |
| IH 1, Inc., *et al.*. [1] | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Hearing Date:  January 24, 2019 at 10:30 a.m.** |
| | : | **Objection Deadline:  January 17, 2019 at 4:00 p.m.** |
| | : | |

**MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING
SETTLEMENT STIPULATION WITH THE TAYLOR FIRM AND K&L GATES AND
ASSIGNMENT OF CERTAIN CLAIMS TO THE TAYLOR FIRM**

George L. Miller, the Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors"), files this Motion pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and Sections 105(a) and 363 of Title 11 of the United States Code, seeking an order (a) approving the settlement stipulation (the "Stipulation") by and among the Trustee and Taylor Feil Harper Lumsden, P.C. (the "Taylor Firm") and K&L Gates LLC ("K&L Gates") (collectively, the "Parties"); (b) approving the assignment of certain rights in an insurance coverage action to the Taylor Firm; and (c) authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Stipulation.  In support of the Motion, the Trustee avers the following:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The Trustee has standing to request the relief stated in the Motion.  The statutory predicates for the relief sought herein are Sections 105 and 363 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) IH 1, Inc. f/k/a Indalex Holdings Finance, Inc. (0880) ("Indalex Finance"); (ii) IH 3, Inc. f/k/a Indalex Holding Corp. (0715) ("Indalex Holdings"); (iii) IH 2, Inc. f/k/a Indalex Inc. (7362) ("Indalex Inc."); (iv) IH 4, Inc. f/k/a Caradon Lebanon, Inc. (1208) ("Caradon"); and (v) IH 5, Inc. f/k/a Dolton Aluminum Company, Inc. (2781) ("Dolton").

120686937_2

## BACKGROUND

2.      On or about March 20, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  Pursuant to this Court's Order dated March 23, 2009, the Debtors' bankruptcy cases are being jointly administered.

3.      On September 21, 2009, the Official Committee of Unsecured Creditors (the "Committee") filed a Motion to Convert the Debtors' bankruptcy cases to Chapter 7 (the "Motion to Convert").  The Motion to Convert was supported by U.S. Bank in its capacity as Indenture Trustee. On October 14, 2009, the Debtors filed an Agreed Order converting the Debtors' cases to Chapter 7.

4.      On October 14, 2009, the Court entered an Order (the "Conversion Order") (D.I. 702) converting these cases to Chapter 7, effective as of October 30, 2009 at 4:00 p.m. (EST) (the "Conversion Date").  On October 30, 2009, the United States Trustee appointed George L. Miller as Chapter 7 Trustee.

## THE COVERAGE ACTION

5.      Prior to the Petition Date, National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union") issued Policy No. 357-75-01 for the period October 1, 1998 to October 1, 1999 (the "Policy") to IH 2, Inc., f/k/a Indalex, Inc., which was the successor by merger to Indalex America, Inc. f/k/a Caradon America ("Indalex").

6.      Prior to the Petition Date, Indalex commenced a lawsuit captioned Indalex America Inc. f/k/a Caradon America; Indalex Limited f/k/a Caradon Limited; and Clarke American Corp. f/k/a and successor by merger to Novar USA Inc. f/k/a Caradon USA Inc. f/k/a Caradon Inc. v. National Union Fire Insurance Company of Pittsburgh, P.A., Case No. GD-06-21147, in the Court of Common Pleas of Allegheny County, Pennsylvania (the "Coverage Action").

2

7.      In the Coverage Action, Indalex asserted claims (the "Indalex Claims") for coverage and entitlement to insurance proceeds under the Policy on account of underlying claims arising from the allegedly negligent or defective design, manufacture, marketing, or installation of BetterBilt brand windows and doors (the "Underlying Claims"), and attorneys' fees arising from National Union's handling of, or failure to handle, the Underlying Claims.

8.      Matthew L. Hess and Lisa F. Harper, while employed at the law firm of Chorey Taylor & Feil, P.C. (the "Chorey Firm") served as co-counsel to Indalex with respect to the Coverage Action.   K&L Gates has also served as co-counsel to Indalex in the Coverage Action.

9.      On April 17, 2009, the Court entered an Order [D.I. 166] authorizing the Debtors' retention of and payment in the ordinary course to Chorey, Taylor, & Feil, P.C. and K&L Gates in connection with the Coverage Action.

10.      On or about October 1, 2010, Matthew L. Hess and Lisa F. Harper became employed by the Taylor Firm and continued to represent Indalex in the Coverage Action.

11.      On or about April 9, 2010, the Chorey firm filed Proof of Claim No. 74 (the "Chorey Proof of Claim #74"), asserting an administrative claim in the amount of $278,796.47 for the period from March 20, 2009 to October 30, 2009.

12.       On or about April 19, 2010, the Chorey firm filed Proof of Claim No. 95 (the "Chorey Proof of Claim #95), asserting a pre-petition unsecured claim in the amount of $190,813.89  and an administrative claim in the amount of $73,244.45 for the period from October 30, 2009 to April 19, 2010.  The claims asserted in Chorey Proof of Claim #74 and in Chorey Proof of Claim #95, together with any other claims which have been or may be asserted by the Chorey Firm against the Debtors relating to any time period (whether pre-petition, post-petition or post-conversion) are referred to herein collectively as the "Chorey

3

Claim."  The Chorey Claim has been transferred to the Taylor Firm.

13.     On or about March 23, 2010, K&L Gates filed Proof of Claim No. 51 (the "K&L Gates Proof of Claim"), asserting a pre-petition unsecured claim in the account of $34,943.43.  Such claim asserted in the K&L Gates Proof of Claim, together with any other claims which have been or may be asserted by K&L Gates against the Debtors relating to any time period (whether pre-petition, post-petition or post-conversion) are referred to herein collectively as the "K&L Gates Claim."

14.     The Taylor Firm asserts that it is owed $148,999.84 as an administrative claim on account of its representation of the Debtors in the Coverage Action.  Such claims asserted by the Taylor Firm, together with any other claims which have been or may be asserted by the Taylor Firm against the Debtors relating to any time period (whether pre-petition, post-petition, or post-conversion) are referred to herein collectively as the "Taylor Claim."

15.     In the course of his administration of the Debtors' estates, the Trustee has reviewed the Chorey Claim, the K&L Gates Claim, and the Taylor Claim, as well as the facts and circumstances giving rise thereto.

16.     The Coverage Action has been pending for approximately 10 years.  At this time, the Trustee seeks to liquidate the Indalex Claims so that there is a benefit to the bankruptcy estate from the Coverage Action.

17.     Following a series of discussions, and as a result of extended negotiations, the Trustee,  the Taylor Firm, and K&L Gates have agreed that the Taylor Firm and K&L Gates will waive all of their respective claims against the Debtors' estates in exchange for an assignment of the Indalex Claims to the Taylor Firm; which assignment shall solely include the Indalex Claims and no other assets, obligations or liabilities of Indalex.

120686937_2

## RELIEF REQUESTED

18.     By this Motion, the Trustee seeks an order of this Court (a) approving the Stipulation, which is attached hereto as Exhibit A and incorporated herein by reference; (b) authorizing the assignment of the Indalex Claims to the Taylor Firm; (c) authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the terms and provisions of the Stipulation; and (d) providing that the Bankruptcy Court retain jurisdiction to enforce the Stipulation.

## THE SETTLEMENT

19.     The complete terms and conditions of the settlement are more fully set forth in the Stipulation.  The Stipulation provides generally for the following[2]:

(a)     The Indalex Claims shall be deemed transferred and assigned to the Taylor Firm, in full and final satisfaction of the administrative claims included in the Taylor Claim, the Chorey Claim, and the K&L Gates Claim.

(b)     The Taylor Firm and K&L Gates release any rights to distribution from the Debtors' estates on account of the general unsecured claim portion of the Taylor Claim, the Chorey Claim, and the K&L Gates Claim.

## BASIS FOR RELIEF REQUESTED

20.     This Court has the authority to grant the relief requested in this Motion pursuant to Section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules. Bankruptcy Code Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  Rule 9019 of the Bankruptcy Rules grants the Court authority to approve settlements of claims and controversies after

---

[2] In the event the description of the Stipulation set forth herein differs from the terms of the Stipulation, the terms of the Stipulation shall control.

notice and a hearing.    Under this authority, the Third Circuit has emphasized that, "to minimize litigation and expedite the administration of a bankruptcy estate, '[compromises] are favored in bankruptcy.'" <u>Myers v. Martin (In re Martin)</u>, 91 F. 3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[l] (15th ed. 1993)).    In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See <u>In re Louise's, Inc.</u>, 211 B.R. 798, 801 (D. Del. 1997).

21.    Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." <u>In re Marvel Entm't Group, Inc.</u>, 222 B.R. 243, 249 (D. Del. 1998) (quoting <u>Louise's</u>, 211 B.R. at 801).    To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. <u>Martin</u>, 91 F.3d at 393.    In striking this balance, the court should consider the following factors:

(a)    The probability of success in the litigation;

(b)    The complexity, expense and likely duration of the litigation;

(c)    The possibilities of collecting on any judgment which might be obtained;

(d)    All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

(e)    Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

<u>Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424-25 (1968); <u>see also</u> <u>Martin</u>, 91 F.3d at 393.    Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely

6

rewards of litigation." <u>TMT Trailer Ferry</u>, 390 U.S. at 425.  The <u>TMT</u> rule does not require the court to hold a full evidentiary hearing before a compromise can be approved, but rather the court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.), <u>quoting</u> <u>In re Drexel Lambert Group, Inc.</u>, 134 B.R. 493 (Bankr. S.D.N.Y. 1991); <u>see also</u> <u>Cosoff v. Rodman (In re W.T. Grant Co.)</u>, 699 F.2d 599, 608 (2d Cir. 1983).

22.    The Trustee believes that the proposed settlement reflected in the Stipulation reflects a fair and reasonable compromise.

23.    In the absence of a settlement, the Trustee expects that the resolution of the Coverage Action will require considerable delay and additional attorney time, regardless of whether the Coverage Action is settled with National Union or goes to trial.

24.    The Trustee believes that the Stipulation is in the best interest of the bankruptcy estates and creditors generally because the settlement will provide certainty regarding a recovery from the Coverage Action (in the form of the waiver of claims against the bankruptcy estate) without the expenditure of further legal fees.

25.    The Stipulation is also in the best interest of the bankruptcy estates because the settlement will result the satisfaction of administrative claims which are asserted in an amount exceeding $500,000.

26.    The Trustee respectfully submits that all of the foregoing factors reflect that the Stipulation is a fair and equitable settlement, which meets or exceeds the required range of reasonableness and should be approved by this Bankruptcy Court as being in the best interest of the Bankruptcy Estates and the Debtors' creditors.

## ASSIGNMENT TO THE TAYLOR FIRM

27.    To the extent that the assignment of the Indalex Claims constitutes a use or sale of an asset of the estate, approval of such use or sale is warranted under 11 U.S.C. § 363.

28.    The proposed use or sale of the Indalex Claims does not violate applicable nonbankruptcy law, and is not inconsistent with any relief granted under 11 U.S.C. §362, so that the assignment of the Indalex Claims is not prohibited under 11 U.S.C. §363(d).

29.    The Trustee is not aware of any interest of any entity other than the estate in the Indalex Claims, so 11 U.S.C. §363(f) is not implicated in evaluating the assignment.

30.    Because the estate will achieve a reduction of over $500,000 in administrative claims in connection with the proposed settlement, the estate benefits from the settlement in that amount, and the estate is receiving sufficient consideration to support the transaction.

31.    The assignment should therefore be approved by the Court pursuant to 11 U.S.C. §363(b).

## NOTICE

32.    Notice of this Motion has been given to the following parties (the "9019 Limited Notice Parties"): (a) the Office of the United States Trustee for the District of Delaware; (b) the thirty largest unsecured creditors, as identified at the commencement of the bankruptcy cases; (c) the Taylor Firm; (d) K&L Gates; (e) the Chorey Firm; and (f) those parties that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. The Trustee will file a Motion to Limit Notice requesting that notice be limited to the 9019 Limited Notice Parties.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order in the form attached hereto approving the Stipulation, authorizing the Trustee to take any and all actions necessary or appropriate to implement the terms and provisions of the

120686937_2

Stipulation, and providing that the Bankruptcy Court retain jurisdiction to enforce the Stipulation.

Date:  December 31, 2018                          /s/ Peter C. Hughes
                                                 Peter C. Hughes, Esquire (#4180)
                                                 Dilworth Paxson LLP
                                                 One Customs House – Suite 500
                                                 704 King Street
                                                 Wilmington, DE 19801
                                                 (302) 571-9800
                                                 (302) 655-1480 (fax)

                                                         and

                                                 Peter C. Hughes, Esquire
                                                 Dilworth Paxson LLP
                                                 1500 Market Street, Suite 3500E
                                                 Philadelphia, PA 19102
                                                 (215) 575-7000
                                                 (215) 575-7200 (fax)

                                                 *Counsel to the Chapter 7 Trustee*