# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 7 |
| | : Case No. 09-10982 (LSS) |
| IH 1, Inc., *et al.* [1] | : (Jointly Administered) |
| | : |
| Debtors. | : **Hearing Date: February 21, 2019 at 10: 00 a.m.** |
| | : **Objection Deadline: January 25, 2019 at 4:00 p.m.** |

### MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING SETTLEMENT STIPULATION WITH AIG PROVIDING FOR PAYMENT TO THE ESTATE OF FUNDS PURSUANT TO FED. R. BANKR. P. 9019

George L. Miller, the Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors"), files this Motion pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and Section 105(a) of Title 11 of the United States Code, seeking an order approving the settlement stipulation (the "Stipulation") by and between the Trustee and AIG (collectively, the Trustee and AIG are referred to herein as the "Parties"), and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Stipulation. In support of the Motion, the Trustee avers the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee has standing to request the relief stated in the Motion. The statutory predicates for the relief sought herein are Section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) IH 1, Inc. f/k/a Indalex Holdings Finance, Inc. (0880) ("Indalex Finance"); (ii) IH 3, Inc. f/k/a Indalex Holding Corp. (0715) ("Indalex Holdings"); (iii) IH 2, Inc. f/k/a Indalex Inc. (7362) ("Indalex Inc."); (iv) IH 4, Inc. f/k/a Caradon Lebanon, Inc. (1208) ("Caradon"); and (v) IH 5, Inc. f/k/a Dolton Aluminum Company, Inc. (2781) ("Dolton").

120718493_2

**BACKGROUND**

2.    On or about March 20, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Pursuant to this Court's Order dated March 23, 2009, the Debtors' bankruptcy cases are being jointly administered.

3.    On or about July 20, 2009, the Bankruptcy Court entered the Order Pursuant to 11 U.S.C. §§105(A), 363(B), (F), (L) and (M) and 365, and Fed.R.Bankr.P. 2002, 6004, 6006, and 9014: Authorizing and Approving (A) the Acquisition Agreement, (B) Sale of Certain Assets Free and Clear of Liens, Claims and Interests, (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (D) Related Relief (the "Sale Order"). [D.I. 516].

4.    On September 21, 2009, the Official Committee of Unsecured Creditors filed a Motion to Convert the Debtors' bankruptcy cases to Chapter 7 (the "Motion to Convert"). The Motion to Convert was supported by U.S. Bank National Association, in its capacity as Indenture Trustee. On October 14, 2009, the Debtors filed an Agreed Order converting the Debtors' cases to Chapter 7.

5.    On October 14, 2009, the Court entered an Order (D.I. 702) converting these cases to Chapter 7, effective as of October 30, 2009 at 4:00 p.m. (EST). On October 30, 2009, the United States Trustee appointed George L. Miller as Chapter 7 Trustee.

**The AIG Policies**

6.    AIG, among other things, issued certain workers' compensation, automobile and general liability insurance policies commencing on April 1, 1992 and ending on October 1, 1999 to certain of the Debtors (the "Policies") and the Parties entered into certain

corresponding payment agreements, addenda, schedules and related documents (together with the Policies, the "Insurance Program"), that prescribe, among other things, the payment of premium and other amounts, fees, and charges, and reimbursement obligations.

7. The Policies were secured by certain security in the form of a cash deposit (the "Cash Collateral"). AIG currently holds approximately $597,845 in Cash Collateral.

**The AIG Claim**

8. On or about April 20, 2010, AIG filed Proof of Claim No. 102 (the "Claim"), asserting both a secured claim in the amount of $597,845 and an unliquidated unsecured claim.

9. In the course of his administration of the Debtors' estates, the Trustee has reviewed the Claim, as well as the facts and circumstances giving rise thereto. Following such review and analysis of the Claim, and upon consideration of potential arguments and objections that may be interposed in opposition to the Claim, the Trustee contacted AIG in an effort to resolve informally such potential objections.

10. The Parties have agreed (subject to the terms of the Stipulation and subject to the approval of the Court) that AIG will return the Cash Collateral to the estate and that the Parties will mutually release each other.

**RELIEF REQUESTED**

11. By this Motion, the Trustee seeks an order of this Court (a) approving the Stipulation, which is attached hereto as Exhibit A and incorporated herein by reference; (b) authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the terms and provisions of the Stipulation; and (c) providing that the Bankruptcy

Court retain jurisdiction to enforce the Stipulation.

## THE SETTLEMENT

12. The complete terms and conditions of the settlement are more fully set forth in the Stipulation. The Stipulation provides generally for the following[2]:

(a) Within fourteen (14) days of the Approval Date, AIG shall remit the sum of $597,845 by wire transfer to the Trustee in accordance with wire instructions which shall be provided in a separate writing by the Trustee.

(b) The Claim shall be resolved as the Stipulation Effective Date and AIG shall receive no cash distribution from the Debtors' estates.

(c) The Stipulation provides for certain releases among the Parties, the terms of which are set forth in the Stipulation.

## BASIS FOR RELIEF REQUESTED

13. This Court has the authority to grant the relief requested in this Motion pursuant to Section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules. Bankruptcy Code Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Rule 9019 of the Bankruptcy Rules grants the Court authority to approve settlements of claims and controversies after notice and a hearing. Under this authority, the Third Circuit has emphasized that, "to minimize litigation and expedite the administration of a bankruptcy estate, '[compromises] are favored in bankruptcy.'" Myers v. Martin (In re Martin), 91 F. 3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[l] (15th ed. 1993)). In addition, this District has

---

[2] In the event the description of the Stipulation and the underlying facts set forth herein differ from the terms of the Stipulation, the terms of the Stipulation shall control.

4

120718493_2

recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See <u>In re Louise's, Inc.</u>, 211 B.R. 798, 801 (D. Del. 1997).

14. Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." <u>In re Marvel Entm't Group, Inc.</u>, 222 B.R. 243, 249 (D. Del. 1998) (quoting <u>Louise's</u>, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. <u>Martin</u>, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

(a) The probability of success in the litigation;

(b) The complexity, expense and likely duration of the litigation;

(c) The possibilities of collecting on any judgment which might be obtained;

(d) All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

(e) Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

<u>Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424-25 (1968); <u>see also</u> <u>Martin</u>, 91 F.3d at 393. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." <u>TMT Trailer Ferry</u>, 390 U.S. at 425. The <u>TMT</u> rule does not require the court to hold a full evidentiary hearing before a compromise can be approved, but rather the court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest

point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.), quoting In re Drexel Lambert Group, Inc., 134 B.R. 493 (Bankr. S.D.N.Y. 1991); see also Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983).

15. The Trustee believes that the proposed settlement reflected in the Stipulation reflects a fair and reasonable compromise.

16. The Trustee believes that the Stipulation is in the best interest of the bankruptcy estates and creditors generally because the settlement will resolve the Claim and will result in the return of all funds held by AIG to the estate. Because these funds are nearly $600,000, this is a substantial benefit to the estate without the expenditure of further legal fees.

17. The Trustee respectfully submits that the foregoing factors reflect that the Stipulation is a fair and equitable settlement, which meets or exceeds the required range of reasonableness and should be approved by this Bankruptcy Court as being in the best interest of the Bankruptcy Estates and the Debtors' creditors.

## NOTICE

18. Notice of this Motion has been given to the following parties (the "9019 Limited Notice Parties"): (a) the Office of the United States Trustee for the District of Delaware; (b) the thirty largest unsecured creditors, as identified at the commencement of the bankruptcy cases; (c) counsel for AIG; (d) counsel for SAPA Holding AB or its assignee(s) or designee(s) identified as the Purchaser in the Sale Order; (e) U.S. Bank; (f) J.P. Morgan Chase Bank; and (g) those parties that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. The Trustee will file a Motion to Limit Notice requesting that notice be limited to the 9019 Limited Notice Parties.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order in the form attached hereto approving the Stipulation, authorizing the Trustee to take any and all actions necessary or appropriate to implement the terms and provisions of the Stipulation, and providing that the Bankruptcy Court retain jurisdiction to enforce the Stipulation.

Date:  January 10, 2019

/s/ Peter C. Hughes
Peter C. Hughes, Esquire (#4180)
Dilworth Paxson LLP
One Customs House – Suite 500
704 King Street
Wilmington, DE 19801
(302) 571-9800
(302) 655-1480 (fax)

and

Peter C. Hughes, Esquire
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
(215) 575-7000
(215) 575-7200 (fax)

Counsel to the Chapter 7 Trustee