# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>IH 1, Inc., *et al..* [1]<br><br>Debtors. | : Chapter 7<br>: Case No. 09-10982 (LSS)<br>: (Jointly Administered)<br>:<br>: **Hearing Date: February 21, 2019 at 10:00 a.m.**<br>: **Objection Deadline: February 14, 2019 at 4:00 p.m.**<br>: |

## MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING SETTLEMENT STIPULATION WITH THE TRAVELERS INDEMNITY COMPANY AND CERTAIN OF ITS PROPERTY CASUALTY AFFILIATES PROVIDING FOR (i) RESOLUTION AND PAYMENT OF THE TRAVELERS CLAIM, (ii) PAYMENT TO THE ESTATE OF CERTAIN FUNDS, AND (iii) MODIFICATION OF THE AUTOMATIC STAY PURSUANT TO FED. R. BANKR. P. 9019

George L. Miller, the Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors"), files this Motion pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and Section 105(a) of Title 11 of the United States Code, seeking an order approving the settlement stipulation (the "Stipulation") by and between the Trustee and the Travelers Indemnity Company and Certain of Its Property Casualty Affiliates (collectively, "Travelers") (collectively, the Trustee and Travelers are referred to herein as the "Parties"), authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Stipulation. In support of the Motion, the Trustee avers the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee has standing to request the relief stated in the Motion. The statutory predicates for the

---

[1] The Debtors in these chapter 7 cases along with the last four digits of each Debtor's federal tax identification number are: (i) IH 1, Inc. f/k/a Indalex Holdings Finance, Inc. (0880) ("Indalex Finance"); (ii) IH 3, Inc. f/k/a Indalex Holding Corp. (0715) ("Indalex Holdings"); (iii) IH 2, Inc. f/k/a Indalex Inc. (7362) ("Indalex Inc."); (iv) IH 4, Inc. f/k/a Caradon Lebanon, Inc. (1208) ("Caradon"); and (v) IH 5, Inc. f/k/a Dolton Aluminum Company, Inc. (2781) ("Dolton").

120466360_4

relief sought herein are Section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

## BACKGROUND

2.  On or about March 20, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Pursuant to this Court's Order dated March 23, 2009, the Debtors' bankruptcy cases are being jointly administered.

3.  On September 21, 2009, the Official Committee of Unsecured Creditors filed a Motion to Convert the Debtors' bankruptcy cases to Chapter 7 (the "Motion to Convert"). The Motion to Convert was supported by U.S. Bank in its capacity as Indenture Trustee. On October 14, 2009, the Debtors filed an Agreed Order converting the Debtors' cases to Chapter 7.

4.  On October 14, 2009, the Court entered an Order (D.I. 702) converting these cases to Chapter 7, effective as of October 30, 2009 at 4:00 p.m. (EST). On October 30, 2009, the United States Trustee appointed George L. Miller as Chapter 7 Trustee.

### The Travelers Policies

5.  Travelers issued certain workers' compensation, automobile and general liability insurance policies to certain of the Debtors in the period from October 1, 2009 to August 1, 2009 (the "Policies"), as well as certain corresponding payment agreements (each an "Agreement," and together with the Policies, the "Insurance Program"), that prescribe, among other things, the payment of premium and reimbursement obligations.

6.  The Policies were backed by (a) a letter of credit issued by JP Morgan Chase Bank, N.A. ("JP Morgan Chase") in the amount of $6.6 million (the "Letter of Credit") and (b)

$274,000 in cash deposits (the "Cash Deposit"). The Letter of Credit and Cash Deposit are collectively referred to as the "Collateral."

7. Travelers drew on the Letter of Credit, and currently holds (i) approximately $2,313,515.20 in Letter of Credit proceeds, and (ii) $274,000 from the Cash Deposit (collectively the "Remaining Collateral").

### The Travelers Claim

8. On or about April 9, 2010, Travelers filed Proof of Claim No. 1161 (the "Claim"), asserting both a secured claim in the amount of $274,000, and an unliquidated claim.

9. In the course of his administration of the Debtors' estates, the Trustee has reviewed the Claim, as well as the facts and circumstances giving rise thereto. Following such review and analysis of the Claim, and upon consideration of potential arguments and objections that may be interposed in opposition to the Claim (the "Objections"), the Trustee contacted Travelers in an effort to resolve informally such Objections.

10. Travelers asserts that, pursuant to the Terms of the Letter of Credit and/or otherwise consistent with Travelers' business practices, any excess Letter of Credit proceeds would be returnable to JP Morgan Chase. The Trustee avers that JP Morgan would be responsible to pay the proceeds of the Letter of Credit to the Trustee as the Debtors' obligations to JP Morgan have been indefeasibly paid in full.

11. JP Morgan Chase has executed a letter acknowledging that its claim has been satisfied in full, and Travelers therefore seeks to remit certain funds to the Trustee and the estates, subject to the terms and conditions of the Stipulation.

12.     The Stipulation is subject to the approval of the Bankruptcy Court.

## RELIEF REQUESTED

13.     By this Motion, the Trustee seeks an order of this Court (a) approving the Stipulation, which is attached hereto as Exhibit A and incorporated herein by reference; (b) authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the terms and provisions of the Stipulation; and (c) providing that the Bankruptcy Court retain jurisdiction to enforce the Stipulation.

## THE SETTLEMENT

14.     The complete terms and conditions of the settlement are more fully set forth in the Stipulation. The Stipulation provides generally for the following[2]:

(a)     Upon the occurrence of the Stipulation Effective Date, Travelers shall be entitled to indefeasibly pay the Claim in the amount of $1,437,515.20 from the Remaining Collateral as follows: (i) $274,000 from the Cash Deposit and (ii) $1,163,515.20 from the proceeds of the Letter of Credit. Such payments shall be in full satisfaction of the Claim, and such proceeds shall not be subject to setoff, recoupment, turnover, mitigation, or other defense.

(b)     The automatic stay provided under 11 U.S.C. § 362 shall be modified, annulled and/or terminated to the extent necessary to allow Travelers to pay the Claim as set forth in subparagraph (a) above.

(c)     The Claim and any other claims which Travelers has or may have against any of the Debtors, their estates or the Trustee shall be deemed fully satisfied by payment on the allowed secured Claim in the amount of $1,437, 515.20 under the terms of the Stipulation.

---

[2] In the event the description of the Stipulation set forth herein differs from the terms of the Stipulation, the terms of the Stipulation shall control.

4

(d) Within ten (10) days of the Approval Date, Travelers shall turn over the sum of $1,150,000 from the Remaining Collateral, which sum constitutes proceeds from the Letter of Credit, by wire transfer to the Trustee in accordance with wire instructions which shall be provided in writing by the Trustee on or before the Approval Date.

(e) Travelers and the Trustee shall have certain continuing obligations as set forth more fully in the Stipulation.

(f) The Stipulation provides for certain releases among the Parties, the terms of which are set forth in the Stipulation.

## BASIS FOR RELIEF REQUESTED

15. This Court has the authority to grant the relief requested in this Motion pursuant to Section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules. Bankruptcy Code Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Rule 9019 of the Bankruptcy Rules grants the Court authority to approve settlements of claims and controversies after notice and a hearing. Under this authority, the Third Circuit has emphasized that, "to minimize litigation and expedite the administration of a bankruptcy estate, '[compromises] are favored in bankruptcy.'" Myers v. Martin (In re Martin), 91 F. 3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[l] (15th ed. 1993)). In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997).

16. Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting Louise's, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim

5

that is being settled and balance it against the value to the estate of the approval of the settlement. Martin, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

    (a)    The probability of success in the litigation;

    (b)    The complexity, expense and likely duration of the litigation;

    (c)    The possibilities of collecting on any judgment which might be obtained;

    (d)    All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

    (e)    Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968); see also Martin, 91 F.3d at 393. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 425. The TMT rule does not require the court to hold a full evidentiary hearing before a compromise can be approved, but rather the court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.), quoting In re Drexel Lambert Group, Inc., 134 B.R. 493 (Bankr. S.D.N.Y. 1991); see also Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983).

    17.    The Trustee believes that the proposed settlement reflected in the Stipulation reflects a fair and reasonable compromise.

18. In the absence of a settlement, the Trustee expects that the Trustee and Travelers would litigate the Objections and that proceedings regarding an estimation of the Claim may be required.

19. The Trustee believes that the Stipulation is in the best interest of the bankruptcy estates and creditors generally because the settlement will fix the amount of the Claim without the expenditure of further legal fees.

20. The Stipulation is also in the best interest of the bankruptcy estates because the settlement will result in payment of the Claim and receipt by the estate of the sum of $1,150,000 from the Remaining Collateral.

21. The Trustee respectfully submits that all of the foregoing factors reflect that the Stipulation is a fair and equitable settlement, which meets or exceeds the required range of reasonableness and should be approved by this Bankruptcy Court as being in the best interest of the Bankruptcy Estates and the Debtors' creditors.

## NOTICE

22. Notice of this Motion has been given to the following parties (the "9019 Limited Notice Parties"): (a) the Office of the United States Trustee for the District of Delaware; (b) the thirty largest unsecured creditors, as identified at the commencement of the bankruptcy cases; (c) counsel for Travelers; (d) counsel for JP Morgan Chase and (e) those parties that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. The Trustee will file a Motion to Limit Notice requesting that notice be limited to the 9019 Limited Notice Parties.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order in the form attached hereto approving the Stipulation, authorizing the Trustee to take any

120466360_4

and all actions necessary or appropriate to implement the terms and provisions of the Stipulation, and providing that the Bankruptcy Court retain jurisdiction to enforce the Stipulation.

Date:  January 31, 2019            /s/ Peter C. Hughes
                                            Peter C. Hughes, Esquire (#4180)
Dilworth Paxson LLP
One Customs House – Suite 500
704 King Street
Wilmington, DE 19801
(302) 571-9800
(302) 655-1480 (fax)

and

Peter C. Hughes, Esquire
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
(215) 575-7000
(215) 575-7200 (fax)

Counsel to the Chapter 7 Trustee